ACCEPTED
12-16-00070-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/20/2016 12:24:44 PM
Pam Estes
CLERK

# IN THE COURT OF APPEALS
## TWELFTH DISTRICT OF TEXAS
### TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/20/2016 12:24:44 PM
PAM ESTES
Clerk

**KRISTOPHER JOSEPH LALONDE** §

§

§ **APPEAL No. 12-16-00070-CR**

**V.** §

§

**STATE OF TEXAS** §

_____

## APPELLANT'S REPLY BRIEF

_____

## APPEALED FROM THE 145th JUDICIAL DISTRICT COURT
## IN AND FOR NACOGDOCHES COUNTY, TEXAS,
## THE HONORABLE CAMPBELL COX, JUDGE

_____

**GENA A. BUNN**
**State Bar No. 00790323**
**CLIFTON "SCRAPPY" HOLMES**
**State Bar No. 09907000**


**HOLMES & MOORE, P.L.L.C.**
**P.O. Drawer 3267**
**Longview, Texas 75606**
**Phone No. (903)758-2200**
**Facsimile No. (903)758-7864**


**ATTORNEYS FOR APPELLANT**

# TABLE OF CONTENTS

**PAGE NO.**

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-7

**I.    This Court should abate the instant appeal to allow Lalonde to file an out-of-time motion for new trial in the trial court in light of new evidence that Chief Deputy Stephen Godfrey – the State's principle witness in the pretrial suppression hearing – has been indicted for aggravated perjury.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**II.   The evidence was legally insufficient to support the jury's verdict that Lalonde was guilty of possession of a controlled substance.**. . . . . . . . . . 5

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# INDEX OF AUTHORITIES

**PAGE NO.**

Tex. Code Crim. Proc.  Ann. art. 40.001 (West 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# ARGUMENT

I.  **This Court should abate the instant appeal to allow Lalonde to file an out-of-time motion for new trial in the trial court in light of new evidence that Chief Deputy Stephen Godfrey – the State's principle witness in the pretrial suppression hearing – has been indicted for aggravated perjury.**

Lalonde requests that this Court abate the instant appeal and remand to the district court to permit Lalonde to file and litigate an out-of-time motion for new trial regarding the first issue in this appeal: Whether the trial court abused its discretion by failing to suppress the fruits of the warrantless search of Lalonde's garage apartment. This request is based on new evidence, unavailable to the trial court when it ruled on Lalonde's suppression motion, that Chief Deputy Stephen Godfrey – the State's principle witness in the pretrial suppression hearing (and at trial) – has been indicted by a Nacogdoches County grand jury on four counts of aggravated perjury.[1]

Lalonde has argued in his appeal before this Court that the trial court abused its discretion by failing to suppress the fruits of the warrantless search of Lalonde's garage apartment. Contrary to the State's argument, the record of the suppression hearing does not support a conclusion that Lalonde consented to the search. Rather, the evidence shows that Lalonde only consented to the officers' entrance into the apartment for the limited purpose of allowing them to identify the woman, Michelle

---

[1] *See* State's Second Motion for Extension of Time to File Answer to Appellant's Brief, filed in this Court on August 2, 2016, at Page 2.

-1-

Reeves. The record shows that Godfrey initiated the "knock and talk" by telling Lalonde they had received information that he was possessing, selling, and manufacturing methamphetamine; Godfrey then sought Lalonde's consent to search his residence. Lalonde declined to grant consent to search, stating that Godfrey needed to obtain consent from the owners of the property, his mother and stepfather, who were not present. Lalonde even offered to contact them on the telephone, but Godfrey declined. Then after Godfrey questioned Lalonde for more than twenty minutes about Lalonde's knowledge of local drug trafficking, Godfrey asked if there was anyone else on the premises. And when Lalonde advised him that there were other people present, Gofrey immediately halted the questioning and sought permission to identify the woman upstairs. At that point, Lalonde gave Godfrey consent to enter the upstairs apartment for the limited purpose of identifying the woman. But Godfrey exceeded the scope of Lalonde's consent to enter the premises when he did not stop after identifying Reeves, but instead continued to search the entire residence.

In its brief, the State makes much of the fact "that three separate officers testified that [Lalonde] gave valid consent," *see* State's Brief at 4, apparently seeking to minimize the significance of Godfrey's testimony at the suppression hearing. But the State fails to acknowledge that Godfrey was its principle witness at the hearing

(and at trial), and that he was the only officer who testified unequivocally that he received Lalonde's consent to search. Three of the officers present that day testified at the suppression hearing: Godfrey, deputy-in-training Mario Reyna, and Captain Michael Davidson. The officers agreed that Lalonde had refused consent to search the residence, at least initially, advising the officers that they would have to obtain consent from his parents. 2 RR 9; 2 RR 16, 18; 2 RR 24. But according to Godfrey, once he explained that Lalonde had authority to consent to the search since he was residing there, Lalonde consented to the search. 2 RR 9. Reyna and Davidson agreed with Godfrey that Lalonde had eventually consented to the search (2 RR 16-17; 2 RR 24-25), but then admitted that it was Godfrey who had main contact with Lalonde, indicating they were not certain about the scope of consent given by Lalonde. 2 RR 16-17, 20; 2 RR 27.

The following exchange occurred between defense counsel and deputy-in-training Reyna:

| | |
|---|---|
| Defense counsel: | What did he say that made you think he was giving consent to search and not just secure the house and people? |
| Reyna: | By allowing us officers to go upstairs and take a look. |
| Defense counsel: | Okay. Did he say that you could search or you could go upstairs and make sure that person's okay and safe? |
| Reyna: | We thought we could search. |

2 RR 19. Therefore, contrary to the State's urging, Godfrey's testimony was critical to the trial court's suppression ruling, and new evidence showing that Godfrey has now been charged with four counts of aggravated perjury warrants an abatement of this appeal and out-of-time motion for new trial in the trial court.[2]

In light of Lalonde's testimony, the various inconsistencies in the officers' testimony, and the lack of any audio or video recording of the encounter, the State has failed to show clear and convincing evidence that Lalonde voluntarily consented to the search of his apartment, and the trial court abused its discretion by concluding otherwise. For all these reasons, the erroneous admission of this evidence constitutes reversible error necessitating a new trial.

---

[2] The Texas Code of Criminal Procedure provides, "[a] new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." Tex. Code Crim. Proc. Ann. art. 40.001 (West 2015).

**II. The evidence was legally insufficient to support the jury's verdict that Lalonde was guilty of possession of a controlled substance.**

Moreover, contrary to the State's arguments, the evidence was legally insufficient to support the jury's verdict that Lalonde was guilty beyond a reasonable doubt of the offense of possession of controlled substance. Specifically, the State failed to establish sufficient affirmative links to connect Lalonde to the controlled substance recovered by law enforcement.

Lalonde was not in exclusive possession of the location where the methamphetamine was found. In fact, Michelle Reeves had been alone in the bed where the wallet was found for more than twenty minutes while Lalonde was being questioned by law enforcement downstairs. And Lalonde testified at the suppression hearing that he could not remember the last time he had used or seen his wallet because he had not left the premises for more than a week.

Regarding the "affirmative links" factors, the drugs were not found in plain view, but were found in a wallet under the pillow where Michelle Reeves was sleeping. Lalonde did not own the premises, but he had the right to possess the place where the drugs were found; presumably, Reeves, as Lalonde's guest, did as well. Lalonde was not found with a large amount of cash. The drugs were not found in close proximity to Lalonde, but rather were found in close proximity to Reeves after

Lalonde had been downstairs for more than twenty minutes. There was no evidence of any strong residual odor of the drugs. No other contraband was found when Lalonde was arrested. Police found no paraphernalia to use the drugs found. Lalonde's physical condition did not indicate any recent consumption of methamphetamine. Nor did his conduct indicate a consciousness of guilt. There is no evidence that Lalonde made any attempt to escape or flee, or that he made any furtive gestures. Admittedly, the drugs were found in a wallet containing Lalonde's identification, and thus it could be said that Lalonde had a special connection to the contraband; but given that the wallet was found under a pillow where Reeve's was found sleeping and that Lalonde had not seen the wallet for days, that connection is of limited import. There were no conflicting statements, except from law enforcement. And Lalonde made no incriminating statements. Only one-tenth of a gram of methamphetamine was found, despite law enforcement's receipt of information that large quantities of illegal narcotics would be found. Finally, there was nothing inherently suspicious about the area or the circumstances.

The State has failed to establish sufficient affirmative links connecting Lalonde to the one-tenth of a gram of methamphetamine recovered by law enforcement. And a review of the evidence compels the conclusion that the evidence is legally insufficient to prove beyond a reasonable doubt that Lalonde committed the offense

of possession of a controlled substance.  This Court should so find and reverse the judgment of the trial court and render judgment of acquittal.

## **PRAYER**

For all of the foregoing reasons, Appellant requests that this Honorable Court reverse the judgment of the trial court and order a judgment of acquittal or, alternatively, order a new trial; or, alternatively, abate this appeal and remand to the trial court to permit the filing and litigation of an out-of-time motion for new trial in light of new evidence that State's witness Stephen Godfrey has been charged with aggravated perjury.

Respectfully submitted

/s/Gena Bunn
GENA A. BUNN
State Bar No. 00790323

CLIFTON L. "SCRAPPY" HOLMES
State Bar No. 09907000


HOLMES & MOORE, P.L.L.C.
P.O. Drawer 3267
Longview, Texas   75606
Phone No. (903)758-2200
Facsimile No. (903)758-7864

ATTORNEYS  FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered by United States Mail to Carrie Gilcrease, Nacogdoches County District Attorney's Office, 101 West Main, Suite 250, Nacogdoches, Texas 75961, on this the 20th day of September, 2016. The document has also been served electronically through the electronic file manager pursuant to Rule 9.5 of the Texas Rules of Appellate Procedure.

/s/Gena Bunn
Gena Bunn

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4 because it contains 1,453 words, excluding parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

/s/Gena Bunn
Gena Bunn